UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 01-1722 (JEL/JGL)

UNITED STATES OF AMERICA,

PLAINTIFF,

V.

PREMISES KNOWN AS 4725 OXBOROUGH LANE, BLOOMINGTON MINNESOTA, HENNEPIN COUNTY, WITH ALL BUILDINGS, FIXTURES, IMPROVEMENTS AND APPURTENANCES THERETO,

DEFENDANT.

DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

This matter comes before the Court on plaintiff's motion for an order granting default judgment against Steven Bandersky, Nancy Brandt, U.S. Bank National Association, N.D. and all unknown persons and entities having an interest in the defendant real property and for forfeiture of the defendant real property to the plaintiff. Based upon the briefs and arguments of counsel and upon all the files and records in this action, the Court finds that:

1. A verified Complaint for Forfeiture with supporting affidavit was filed on September 18, 2001, alleging that the defendant real property was subject to forfeiture pursuant to 21 U.S.C. §881(a)(7).

2. The United States Marshal posted a Notice of Complaint for Forfeiture Against Real Property on the defendant real property on October 17, 2001, and served a copy of the Summons, Complaint for Forfeiture, Notice of Complaint for Forfeiture Against Real

FILED SEP 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED SEP 24 2002
DEPUTY CLERK'S INITIALS

Property, and Notice of Lis Pendens on the following known interested persons and entities on the dates indicated, giving due notice to all known interested persons and entities to serve on the United States Attorney and file with the Clerk of Court a verified statement of interest in or right against the defendant real property within 30 days from service of the Complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the Complaint and to serve and file an answer to the Complaint for Forfeiture within 20 days after the date the verified statement of interest was filed:

a. Steven Bandersky, through his attorney, Thomas H. Shiah, on October 17, 2001;

b. Steven Bandersky, personally, on October 31, 2001;

c. Hennepin County, through its attorney, Robert Rudy, on October 17, 2001;

d. U.S. Bank National Association, ND on October 19, 2001;

e. Nancy Brandt on December 18, 2001; and

f. Bank of America, FSB on December 19, 2001.

5. A notice of the forfeiture action against the defendant real property was published in the <u>Finance and Commerce</u>, Minneapolis, Minnesota, a newspaper of general circulation in the District of Minnesota, on October 17, October 24, and October 31, 2001, giving notice to all unknown interested persons and entities

of the verified statement of interest and answer requirements.

6. Hennepin County, through its attorney, Robert T. Rudy, filed a verified statement of interest and answer to the complaint on or about October 24, 2001, for the payment of real estate taxes.

7. No other verified statements of interest and answers have been filed with the Clerk of Court or served on the United States Attorney, and the time for filing a verified statement of interest and answer has expired.

8. On or about January 18, 2002, the plaintiff and Hennepin County entered into a Stipulation for Payment of Real Estate Taxes for the defendant real property.

9. On or about January 7, 2002, a letter was received from Bank of America Mortgage, stating that its loan was paid-in-full on August 30, 2001, and that it no longer had an interest in the defendant real property. A Satisfaction of Mortgage was filed with the Hennepin County Registrar on November 1, 2001.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. default judgment is entered against Steven Bandersky, Nancy Brandt, U.S. Bank National Association, N.D. and all unknown persons and entities having an interest in the defendant real property legally described as: LOT 6 BLOCK 3, SOUTHWOOD TERRACE 3RD ADDITION; and

2. all the right, title and interest in the defaulted persons and entities in the defendant real property is forfeited to the

plaintiff, and no right, title or interest of the defendant real property shall exist in any other person or entity except as provided for in the Stipulation for Payment of Real Estate Taxes and Order; and

3. the defendant real property shall be disposed of by the plaintiff in accordance with the law and with the Stipulation for Payment of Real Estate Taxes and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: Sept 24, 2002

JOAN E. LANCASTER, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995